IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Aaron, | Case No. 3:08 CV 1471 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Sears, Roebuck and Co., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Objection[1] (Doc. No. 33) to the Magistrate's Report and Recommendation (Doc No. 32) regarding Defendant's Motion to Dismiss (Doc. No. 7), Plaintiff's Motion to Show Cause (Doc. No. 23), and Plaintiff's Motion for Judgment (Doc. No. 28).

**BACKGROUND**

*Pro se* Plaintiff David Aaron alleges a claim of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* against Defendant Sears, Roebuck and Co. His Complaint (Doc. No. 1, Ex. A, p. 2) forms the entirety of the factual background and legal claims before this Court:

> Plaintiff finds Sears, Roebuck and Co. negligent with racial conflict and discrimination with out hireing [sic] David Aaron August – September 18, 2006 for stock houseing [sic] in the warehouse according to Revised Code [sic]. I David Aaron was interviewed three times and was told I would be hired up on the following week, September 27, 2006.

---

[1] Plaintiff filed an "Appeal" of the Magistrate's Report and Recommendation (R&R) before this Court had reviewed the R&R. The Magistrate issued an Order (Doc. No. 36) construing Plaintiff's Notice of Appeal as an Objection to the R&R.

Attached to his Complaint is a Notice of Suit Rights from the Equal Employment and Opportunity Commission (EEOC) which indicates it was "unable to conclude that the information obtained establishes violations of the statutes" (Doc. No. 1, Ex. A, p. 3).

Plaintiff initially filed his lawsuit in the Erie County Court of Common Pleas. Defendant removed the case to federal court on federal question grounds (Doc. No. 1), and subsequently filed a Motion to Dismiss under Federal Civil Rule 12(b)(6) for failure to state any claim upon which relief can be granted (Doc. No. 7), to which Plaintiff filed an Opposition (Doc. No. 30) and Defendant filed a Reply (Doc. No. 31). Plaintiff filed two additional motions: a Motion to Show Cause for Judgment (Doc. No. 23), to which Defendant filed a Response (Doc. No. 27); and a Motion for Judgment (Doc. No. 28), to which Defendant filed a Response (Doc. No. 29).

The case was referred to the Magistrate for a R&R on these pending Motions. The Magistrate recommended the Court grant Defendant's Motion to Dismiss and deny Plaintiff's Motions. Plaintiff appears to object to the entirety of the R&R, as he "request[s] a new trial for nominal fees, and false statements as a matter of right . . . . With defamation, and specific performance I say that you should as a matter of right to show cause eject old case and grant new case" (Doc. No. 33).

## STANDARD OF REVIEW

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court reviews *de novo* the portions of the Magistrate's findings to which Plaintiff objects. As a *pro se* litigant, Plaintiff has been allowed every leniency in his filings during the course of this case. The Court will continue this leniency in evaluating his arguments opposing the R&R. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings).

**DISCUSSION**

**Motion to Dismiss**

Federal Civil Rule 12(b)(6) permits dismissal of a claim if it fails to present grounds on which relief can be granted. Pursuant to Federal Civil Rule 8(a)(2), a pleading need state only "a short and plain statement of the claim showing that the pleader is entitled to relief [and giving] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Nonetheless,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). Plaintiff is required to state a claim upon which relief may be granted, asserting factual allegations that are more than merely speculative, and which lead to legal conclusions regarding the material elements of his claim. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). In the instant matter, however, Plaintiff provides scant factual information about the nature of Defendant's actions and how they could be construed as racially discriminatory. He also alleges Defendant was merely "negligent" in its hiring practices, which does not rise to the standard of intentional discrimination required by Title VII. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (*citing Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981)).

Furthermore, legal conclusions alone are insufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory Section 1983 claim dismissed). Simply put, the Complaint states a legal conclusion regarding

3

Defendant's racially discriminatory actions without proper supporting factual allegations. This Court affirms the Magistrate's recommendation to grant Defendant's Motion to Dismiss.

## Motion to Show Cause

Plaintiff requested relief under Federal Civil Rules 50 and 56, which the Magistrate construed as seeking Judgment as a Matter of Law (Rule 50(a)) and a Motion for Summary Judgment (Rule 56). The Magistrate properly denied relief for Plaintiff under Rule 50, as there has been no jury trial in the instant matter and therefore no final judgment to reverse. The Magistrate also properly denied relief under Rule 56, as any requests for summary judgment would be premature without the parties having engaged in discovery. Summary judgment is simply inappropriate. This Court affirms the Magistrate's recommendation to deny Plaintiff's Motion to Show Cause.

## Motion for Judgment

This Court adopts in entirety the Magistrate's recommendation to deny Plaintiff's Motion for Judgment, as this Court cannot compel Defendant to offer a cash settlement, nor is it improper for Defendant to assert the defense of failure to state a claim on which relief can be granted prior to filing its Answer.

## CONCLUSION

After conducting a *de novo* review of the Magistrate's R&R, it is hereby adopted and affirmed. Defendant's Motion to Dismiss is granted, and Plaintiff's Motion to Show Cause and Motion for Judgment are both denied. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action *in forma pauperis* could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 25, 2009